UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL A. HOLLOWAY,

    Petitioner,

v.

CASE NO. 2:06-12516
HON. BERNARD A. FRIEDMAN

HELEN J. MARBERRY, R. ESQUIBEL,
R. SCHOENBERGER, and BRENDA
BREWINGTON,

    Respondents.
_____/

**ORDER
(1) REQUIRING A RESPONSIVE PLEADING,
(2) GRANTING PETITIONER'S MOTIONS TO AMEND CLAIM V
AND TO HAVE THE COURT ADDRESS HIS RESPONSE,
(3) GRANTING IN PART PETITIONER'S MOTION TO AMEND THE CAPTION,
AND (4) DENYING PETITIONER'S MOTIONS FOR INJUNCTIVE RELIEF
AND FOR ISSUANCE OF THE WRIT**

### I. Introduction

Petitioner Carl A. Holloway is an inmate at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. The habeas petition challenges a federal policy concerning the date on which federal inmates are eligible for placement in community corrections centers.

On June 14, 2006, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed for failure to exhaust administrative remedies. Currently pending before the Court are Petitioner's response to the Court's order to show cause and Petitioner's motions (1) for a preliminary injunction and temporary restraining order, (2) to amend the case caption;

(3) to address his response to the order to show cause, (4) for issuance of the writ; and (5) to amend claim V of the habeas petition.

## II. Exhaustion of Administrative Remedies

"[F]ederal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). To demonstrate exhaustion of administrative remedies, inmates must present their claims to their warden, to the appropriate regional director for the Bureau of Prisons, and to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.10 and 542.15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner concedes that he did not exhaust all the administrative remedies for his claims before he filed his habeas petition. He urges the Court to waive the exhaustion requirement on the ground that it would be futile to require exhaustion.

Exhibits to Petitioner's motions indicate that Petitioner raised his claims in administrative grievances directed to the warden and to the Regional Director for the Bureau of Prisons. Both individuals denied relief, and on August 23, 2006, Petitioner applied to the Central Office for the Bureau of Prisons. The Court anticipates that General Counsel for the Central Office will respond to Petitioner's administrative appeal in the near future if he or she has not already done so. The Court, therefore, will not dismiss this action on the basis of Petitioner's failure to exhaust administrative remedies for his claims before he filed his habeas petition.

**IT IS ORDERED** that the Government shall file a response to the habeas petition on or before **November 9, 2006**. **IT IS FURTHER ORDERED** that the Clerk of the Court serve a

copy of this order on Petitioner's warden (Helen J. Marberry) and on the United States Attorney for the Eastern District of Michigan.

### III. Petitioner's Motions

Petitioner's motion to have the Court address his response to the Court's order to show cause [Doc. 8, Aug. 25, 2006] is GRANTED. Petitioner's motion to amend his fifth claim [Doc. #10, Sept. 5, 2006] is GRANTED, because he is entitled to amend his habeas petition once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a).

Petitioner's motion to amend the case caption [Doc. 7, July 3, 2006] is GRANTED in part. Petitioner seeks to dismiss R. Esquibel, R. Schoenberger, and B. Brewington as respondents and to add the Federal Bureau of Prisons, Harley Lappin, and Michael K. Nalley as parties. The proper respondent in a habeas corpus case is the person who holds the petitioner in custody. See 28 U.S.C. § 2243 ¶ 2. Petitioner's warden, Helen J. Marberry, has custody of Petitioner. Therefore, R. Esquibel, R. Schoenberger, and B. Brewington are terminated as respondents, and Petitioner is DENIED permission to add the Federal Bureau of Prisons, Harley Lappin, and Michael K. Nalley as respondents. The new caption will read "Carl A. Holloway v. Helen J. Marberry."

Petitioner's motion for a preliminary injunction and temporary restraining order [Doc. 6, July 3, 2006] and his motion for issuance of the writ [Doc. 9, Aug. 28, 2006] are DENIED without prejudice. The Court will reconsider those motions, if necessary, following receipt of the Government's responsive pleading.

Dated: **OCT 1 7 2006**

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE